## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHER DIVISION

| | | |
|---|---|---|
| **KELLY SEED COMPANY, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **1:19-cv-489-SRW** |
| | ) | |
| **FCCI INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MOTION TO REMAND</u>

Comes now the Plaintiff and hereby moves the Court for an Order remanding this case back to the Circuit Court of Geneva County, Alabama, from which is was removed on the following grounds:

1.     Defendant FCCI Insurance Company removed this case from the Circuit Court of Geneva County, Alabama based upon alleged "diversity jurisdiction" pursuant to 28 U.S.C. § 1332. The statutes governing removal are to be strictly construed against removal and in favor of state court jurisdiction. *See* Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); *see also* Burns v. Windsor Ins. Co., 31 F. 3d 1092 (11th Cir. 1994). Plaintiff's allegations must be evaluated most favorably to the Plaintiff, and all uncertainty or contested facts must be resolved in favor of the Plaintiff. *See* Pacheco de Perez v. AT&T,139 F. 3d 1368 at 1373 (11th Cir. 1998); *see also* Laughlin v. Prudential Ins. Co., 882 F.

2d 187, 190 (5th Cir. 1989); Bobby Jones Garden Apartments v. Suleski, 391 F. 2d

172 (5th Cir. 1968); Sullivan v. First Affiliated Securities, 813 F.2d 1368 (9th Cir.

1987); Shamrock Oil & Gas Corp. v. Sheets, 331 U.S. 100, 61 S. CT. 868 (1941);

Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979); Paxton v. Weaver, 553 F.2d 936

(5th Cir. 1977). *The party invoking the removal jurisdiction of a federal court

bears the burden of establishing federal jurisdiction by a preponderance of the

evidence.* *See* Pacheco de Perez v. AT&T, 139 F. 3d 1368 at 1373 (11th Cir.

1998)(emphasis added); *see also* Laughlin v. Prudential Ins. Co., 882 F. 2d 187,

190 (5th Cir. 1989).

2.     To satisfy its burden of proof as to the amount in controversy prong of

diversity jurisdiction, Defendant FCCI simply stated in its Notice of Removal that

the amount in controversy jurisdictional threshold of $75,000.00 has been met

because the subject 2015 Rogator 900 in question is insured for $292,000 under the

insurance policy. The Plaintiff's Complaint, however, makes it clear that the

Plaintiff is not claiming that FCCI owes it $292,000.00 at this time because

causation for the loss has not yet been properly determined. Plaintiff's Complaint

in paragraph 8 states that Defendant FCCI, "instead of paying to have the

Plaintiff's claim properly investigated, the Defendant shifted the burden over to the

Plaintiff to pay for the necessary testing to properly determine the cause of the

loss." (Exhibit "A", paragraph 8). It goes on the state "[i]n so doing, the

Defendant breached its insurance contract with the Plaintiff." Id.   In other words, the amount in controversy is not the $292,000.00 as claimed by the Defendant, but is instead the amount that it would cost to have the Rogator 900 properly tested to properly determine the cause of the loss.   Again, it is the party invoking the removal jurisdiction of a federal court that bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Mustafa v. Market Street Mortgage Corp., 840 F.Supp.2nd 1287, 1291 (M.D. Ala. 2012); Arrington v. State Farm Fire & Cas. Co., Docket No. 2:14-cv-2090-CSC at *6 (M.D. Ala. 2014); Benton v. State Farm Fire & Cas. Co., Docket No. 2:14-cv-77-CSC at *4-5 (M.D. Ala. 2014) and Dean v. Sears Roebuck & Co., Docket No. CA-13-00487-C at *6 (S.D. Ala. 2014)(noting that attempting to place a value on a claim for punitive damages would require the court to engage in "pure speculation").   The amount in controversy in this case between the Plaintiff and Defendant FCCI is less than $75,000.00, which is the jurisdictional limit of this Court pursuant to 28 U.S.C. § 1332.

WHEREFORE, Plaintiff prays the Court for an Order remanding this action back to the Circuit Court of Geneva County, Alabama, from which it was improperly removed.

*/s/Christopher E. Sanspree*
CHRISTOPHER E. SANSPREE (SAN048)
Attorney for Plaintiff
603 Martha Street
Montgomery, Alabama 36104
(334) 262-1001
(334) 262-1002 facsimile
chris.sanspree@sanspreelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has filed with the Clerk of the Court using the CMF e-filing system which will electronically send notification to all counsel of record on this the 24th day of July 2019.

*/s/Christopher E. Sanspree*
OF COUNSEL

EXHIBIT "A"

ELECTRONICALLY FILED
6/6/2019 2:33 PM
34-CV-2019-900076.00
CIRCUIT COURT OF
GENEVA COUNTY, ALABAMA
GALE LAYE, CLERK

## IN THE CIRCUIT COURT FOR GENEVA COUNTY, ALABAMA

KELLY SEED COMPANY, LLC,                    )
                                            )
     Plaintiff,                             )
                                            )          CV-2019-
vs.                                         )
                                            )
FCCI INSURANCE COMPANY;                     )
and Fictitious Defendants                   )
"A", "B", "C", "D", "E", and "F", whether   )
singular or plural, are those other         )
persons, corporations, firms or other       )
entities whose wrongful conduct caused      )
or contributed to cause the injuries and    )
damages to Plaintiffs, all of whose true    )
and correct names are unknown to            )
Plaintiffs at this time, but will be        )
substituted by amendment when               )
ascertained,                                )
                                            )
     Defendants.                            )

### COMPLAINT

#### Statement of the Parties

    1.    Plaintiff Kelly Seed Company, Inc., is a domestic corporation doing business in Geneva County, Alabama.

    2.    Defendant FCCI Insurance Company (hereinafter referred to as "FCCI") is a foreign corporation doing business by agent in Geneva County, Alabama.

    3.    Fictitious Defendants "A", "B", "C", "D", "E" and "F", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

4.     At all times material hereto, Plaintiff had and maintained an insurance contract with Defendant FCCI insuring Plaintiff's farm equipment and other personal property (among other things) against covered losses and damages.

5.     On or about March 21, 2019, Plaintiff's Rogator RG900 was damaged and Plaintiff filed a timely claim for benefits with Defendant FCCI to have said Rogator RG900 inspected so that a proper determination could be made regarding coverage for the loss by Defendant FCCI.

6.     On or about April 2, 2019, Defendant FCCI had an engineer by the name of John Leffler out of Brandon, Florida inspect the damage to the Rogator RG900 for a determination as to causation of the loss.  On or about April 10, 2019, John Leffler provided FCCI with a report that specifically stated "*[t]hough the points of failure on each frame rail were weak points per normal mechanical engineering principles, significant further research and analysis would be necessary in order to determine if the comparative strength of those failure points would be inadequate for normal use in a generally uncorroded state.*"     (See Report, pg. 2, attached hereto as Exhibit "A")(emphasis added).

7.     Defendant FCCI subsequently denied the Plaintiff's claim by stating that the frame rails were weak points that failed from corrosion, even though the April 10. 2019, report of John Leffler stated that significant further research and analysis would be necessary in order to make the determination that FCCI made.  (See Report, pg. 2, attached hereto as Exhibit "A").  Plaintiff's requested that further testing be done by

2

FCCI to see if the frame rails did in fact have a week point that failed because of corrosion.

8.      However, instead of paying to have additional testing done on the frame rails of the Rogator RG900 as stated was needed by Jeff Leffler on April 10, 2019, and as requested by the Plaintiff, Defendant FCCI simply had Jeff Leffler send another letter dated May 28, 2019, explaining away his previous statements contained within in his April 10, 2019, report.  (See Exhibit "B").  In other words, instead of paying to have the Plaintiff's claim properly investigated, the Defendant shifted the burden over to the Plaintiff to pay for the necessary testing to properly determine the cause of the loss.  In so doing, the Defendant breached its insurance contract with the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant FCCI in such an amount of compensatory damages as a jury deems reasonable and may award, plus costs.

### JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY
ON ALL ISSUES OF THIS CAUSE.**

_/s/Christopher E. Sanspree_
CHRISTOPHER E. SANSPREE (SAN048)
Attorney for Plaintiff
603 Martha Street
Montgomery, Alabama 36104
(334) 262-1001
(334) 262-1002 facsimile
chris.sanspree@sanspreelaw.com